IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

File No. 4:15-CV-70-H

| | |
|---|---|
| BRENDA HARRIS,<br>    Debtor-Appellant,<br><br>  v.<br><br>SANDY CAMACHO-HERNANDEZ,<br>    Creditor-Appellee. | )<br>)<br>)<br>)<br>)    **ORDER**<br>)<br>)<br>) |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

This matter is before the court on appeal from an order of the United States Bankruptcy Court for the Eastern District of North Carolina granting Creditor relief from stay and reasonable attorney's fees and costs. The parties have thoroughly briefed the issue on appeal, and this matter is ripe for adjudication.

**BACKGROUND**

In February 2013, Sandy Camacho-Hernandez ("Creditor") filed an action in state court against Brenda Harris ("Debtor") for violations of consumer protection statutes in connection with the sale of a mobile home and real property. The state court found Debtor violated provisions of N.C. Gen. Stat. § 47H and the North Carolina Unfair and Deceptive Trade Practices Act, codified at N.C. Gen. Stat. § 75-1.1. Creditor was awarded summary judgment in the amount of $24,529.00 in damages, treble

damages, and attorney's fees and costs in November 2013. Debtor filed six post-judgment motions and two appeals, all of which were dismissed.

Creditor initiated judgment collection procedures, and a sheriff's sale was scheduled for October 15, 2014. Days before the scheduled sale, on October 6, 2014, Debtor filed a bankruptcy petition in the United States Bankruptcy Court for the Eastern District of North Carolina. Although Debtor was granted several extensions of time, she failed to comply with multiple deadlines and requirements in the bankruptcy action. For example, Debtor failed to attend the creditor meeting, did not file schedules, did not file a Chapter 13 plan, and failed to make plan payments. Apart from her repeated noncompliance, Debtor represented she filed the bankruptcy action in order to "reverse" the adverse state court judgment. See In re Harris, No. 14-05789-5-RDD, [D.E. # 24 at 4] ("I plan to hire an attorney since I must reverse State Court Cases").

On January 7, 2015, Debtor's bankruptcy action was dismissed. Creditor then reinitiated the collection process on the state court judgment by serving a Notice of Right to Claim Exemptions on Debtor the next month. Three days later, Debtor filed a second bankruptcy petition. As in her 2014 case, Debtor again failed to file required schedules and a Chapter 13 plan. Despite affirming she had completed the required credit

2

counseling and promising to provide proof within seven days, no proof of completion had been filed within three months after filing the bankruptcy petition. Debtor also failed to make timely plan payments in the second bankruptcy case.

Creditor filed a motion seeking relief from the automatic stay for cause pursuant to 11 U.S.C. § 362 so that she could attempt to collect on her state court judgment outside of Bankruptcy Court. Creditor also sought reasonable attorney's fees and costs pursuant to 11 U.S.C. § 506(b). After reviewing the motion and hearing arguments from Debtor and Creditor, the Bankruptcy Court granted Creditor's motion on the condition Creditor could not conduct an actual execution sale of Debtor's property until more than 90 days elapsed from entry of the order.

After entry of the order granting Creditor's motion for relief from the automatic stay, the trustee moved to dismiss Debtor's bankruptcy case. On July 2, 2015, the Bankruptcy Court dismissed Debtor's case with prejudice, prohibiting Debtor from filing another bankruptcy petition for 180 days. In its dismissal order, the Bankruptcy Court noted, "The Debtor has abused the court's protection, process, and sympathy. The court's precious time and limited resources should not be wasted by debtors, either represented by counsel or appearing pro se, who fail to meet the fundamental requirements of the U.S.

Bankruptcy Code... the abuse must end[.]" In re Harris, No. 15-00818-5-SWH, [D.E. #86 at 5]. Debtor filed her notice of appeal as to the Bankruptcy Court's order granting Creditor relief from the automatic stay on May 4, 2015.

## COURT'S DISCUSSION

### I. Lifting of the Automatic Stay

In an appeal from a bankruptcy proceeding, the legal conclusions of the bankruptcy court are ordinarily reviewed de novo and the factual findings are reviewed for clear error. Goldman v. Capital City Mortgage Corp. (In re Nieves), 648 F.3d 232, 237 (4th Cir. 2011). When the appeal is from a discretionary bankruptcy order lifting the automatic stay, however, the decision may only be overturned for abuse of discretion. Robbins v. Robbins (In re Robbins), 964 F.2d 342, 345 (4th Cir. 1992). A court abuses its discretion if its legal conclusions are based on erroneous legal principles or a clearly erroneous factual finding. See Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999) (internal citations omitted).

An order granting a creditor relief from automatic stay in a bankruptcy proceeding is considered a "final order" and therefore appealable as of right. See Phizer Inc. v. Law Offices of Peter G. Angelos (In re Quigley Company, Inc.), 676 F.3d 45 (6th Cir. 2012); JE Livestock, Inc. v. Wells Fargo Bank, N.A. (In re JE Livestock, Inc.), 375 B.R. 892 (B.A.P. 10th Cir.

2007); <u>Aja v. Emigrant Funding Corp. (In re Aja)</u>, 442 B.R. 857 (B.A.P. 1st Cir. 2011). When the order on appeal does not contain express factual findings, the court may "sustain [the order] on any independently sufficient ground made manifest by the record." <u>Aguiar v. Interbay Funding, LLC (In re Aguiar)</u>, 311 B.R. 129 (B.A.P. 1st Cir. 2004).

After careful review of the record, including briefs filed by the parties, the court finds the Bankruptcy Court did not abuse its discretion in determining good cause existed to lift the automatic stay upon motion by the Creditor. Evidence from the record shows: (1) Debtor filed her bankruptcy petition in bad faith; (2) Debtor repeatedly failed to comply with filing deadlines and requirements; and (3) Creditor would suffer greater hardship under the automatic stay than Debtor would suffer in lifting it. Finding sufficient supporting evidence in the record and no erroneous application of the law, the Bankruptcy Court's order lifting the automatic stay as to Creditor's secured claim was an appropriate exercise of its discretion.

## II. Award of Reasonable Costs and Attorney's Fees

While creditors do not have a general right to attorney's fees in connection to a bankruptcy proceeding, an exception is found in 11 U.S.C. § 506(b):

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

"A fee determination under 11 U.S.C. § 506(b) is a mixed question of law and fact." In re 804 Congress, L.L.C., 756 F.3d 368, 377 (5th Cir. 2014). The applicability of 11 U.S.C. § 506(b) is reviewed de novo, but the bankruptcy judge's determination of reasonableness is reviewed for abuse of discretion.

In the instant case, Creditor was awarded statutory attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 in the underlying state court judgment from which her secured claim arose. Therefore, the Bankruptcy Court did not err in its determination that Creditor is entitled to an award of reasonable fees, costs, or charges under 11 U.S.C. § 506(b). Further, after careful review of the record, including briefs filed by the parties, the court finds the Bankruptcy Court did not abuse its discretion by awarding Creditor attorney's fees in the amount of $4,500.00.

## CONCLUSION

For the foregoing reasons and reasons more fully set forth in Creditor's Brief in Opposition, [D.E. #27], the court hereby AFFIRMS the Order of the Bankruptcy Court granting Creditor relief from stay and reasonable attorney's fees and costs, and the appeal is hereby dismissed.

This 10TH day of February 2016.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#34