IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

File No. 4:15-CV-77-H

BRENDA HARRIS,                          )
    Debtor-Appellant,                   )
                                        )
   v.                                   )          **ORDER**
                                        )
WALTER L. WILLIAMS,                     )
    Creditor-Appellee.                  )

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

This matter is before the court on appeal from an order of the United States Bankruptcy Court for the Eastern District of North Carolina granting Creditor relief from automatic stay and co-debtor stay. The parties have thoroughly briefed the issue on appeal, and this matter is ripe for adjudication.

### BACKGROUND

For valuable consideration, Brenda Harris ("Debtor"), along with co-debtor, BHCO, LLC[1] ("BHCO"), executed a note in the principal amount of Four Hundred Eighty-Seven Thousand and 00/100 Dollars ($487,000.00) on April 1, 2008, ("Note 1"). As security for Note 1, BHCO granted Walter L. Williams ("Creditor") a first lien security interest in real property located in Pitt County, North Carolina, and identified as Parcel

---

[1] The record does not show the existence of any members of this limited liability company other than Debtor.

#77265. This security interest was perfected by recording a Deed of Trust ("Deed of Trust 1") in Book 2473 Page 588 of the Pitt County Registry on April 1, 2008. In addition, for valuable consideration, Debtor, along with BHCO executed a note in the principal amount of Three Hundred Three Thousand Three Hundred Eighty-Five and 35/100 Dollars ($303,385.35) on February 26, 2008 ("Note 2"). As security for Note 2, BHCO granted Creditor a first lien security interest in real property located in Pitt County and identified as Parcel #40586. This security interest was also perfected by recording a Deed of Trust in Book 2455 Page 441 of the Pitt County Registry on February 26, 2008 ("Deed of Trust 2"). Both Note 1 and Note 2 are commercial, not consumer, debt on which Debtor is a co-signer with BHCO. Debtor, however, does not have an ownership interest in the subject real property which is owned solely by BHCO. Both Notes, as respectively modified, have matured, and the entire balances on each are currently past due.

Two state court foreclosure actions were filed in 2011 (Pitt County, NC Files: 11-SP-480 and 11-SP-481). After multiple continuances were granted at Debtor's request on behalf of BHCO, BHCO filed a petition for Chapter 11 Bankruptcy on May 18, 2012, which was subsequently dismissed by the Court on July 20, 2012 for a rule violation. The next year, BHCO filed another bankruptcy petition under Chapter 11 in the United States

Bankruptcy Court for the Eastern District of North Carolina ("USBC-EDNC"). This case was dismissed without prejudice upon request of Debtor who wished to retain legal counsel and refile the petition.

In 2014, Creditor retained counsel to complete the pending state court foreclosure actions. Foreclosure hearings were scheduled for October 30, 2015. Debtor then filed an individual Chapter 13 bankruptcy petition pro se in the USBC-EDNC ("2014 Bankruptcy") on October 6, 2014, but failed to notify Creditor of the filing until the date of the foreclosure hearings. The foreclosure hearings were continued due to the automatic stay in the bankruptcy proceeding. Debtor failed to comply with numerous deadlines and requirements in the 2014 Bankruptcy. For example, Debtor failed to attend the 341 meeting, did not file schedules, did not file a Chapter 13 plan, and failed to make plan payments. The 2014 Bankruptcy proceeding was dismissed on January 7, 2015.

Following dismissal of Debtor's 2014 Bankruptcy case, state foreclosure hearings were scheduled for January 14, 2015, at which orders were issued allowing the foreclosure sales to proceed. On January 23, 2015, Debtor, on behalf of BHCO, filed notices of appeal of the orders allowing the foreclosures to proceed to sale. Neither Debtor nor BHCO, however, tendered payment of the appeal bonds to the Pitt County Clerk of Superior

Court. On February 12, 2015, Debtor appeared at the foreclosure sales and announced she had filed a second pro se bankruptcy petition, in the USBC-EDNC (Case No. 15-000818-5-SWH)[2] ("2015 Bankruptcy"). As in her 2014 Bankruptcy, Debtor initially failed to file required schedules and a Chapter 13 plan. Although Debtor certified to the court that she had completed the required credit counseling and would provide proof of such completion within seven days, no proof of completion was filed within three months of the date of filing the bankruptcy petition. After Debtor received several extensions of time to complete the credit counseling and file schedules, she eventually filed the schedules and the Chapter 13 Plan but left large sections of the plan blank.

Creditor filed a Motion for Relief From Automatic Stay and Co-Debtor Stay in order to proceed with the foreclosures out of an abundance of caution because, although Debtor was not the owner of the real properties being foreclosed, BHCO had, by this point, been administratively dissolved, and Debtor believed ownership of the real property would or could somehow be conveyed to her, thus making the foreclosures against BHCO improper. At the bankruptcy hearing on Creditor's motion, Debtor advised the court BHCO had recently been reinstated and she did not have an ownership interest in the real property that was the

---

[2] The instant appeal is from an order issued in this case.

4

subject of Creditor's motion. Debtor also advised the court she did not want Creditor to pursue her personally for any deficiency after the foreclosure sales of the real property. The Bankruptcy Court granted Creditor's motion and issued the Order Allowing Relief from Automatic Stay and Co-Debtor Stay on April 28, 2015.

The trustee subsequently filed a motion to dismiss Debtor's 2015 Bankruptcy entirely, which the Bankruptcy Court granted on July 2, 2015, with prejudice as to Debtor's ability to file another bankruptcy petition for 180 days. In its dismissal, the Bankruptcy Court noted, "The Debtor has abused the court's protection, process, and sympathy. The court's precious time and limited resources should not be wasted by debtors, either represented by counsel or appearing pro se, who fail to meet the fundamental requirements of the U.S. Bankruptcy Code... the abuse must end[.]" In re Harris, No. 15-00818-5-SWH, [D.E. #86 at 5].

## COURT'S DISCUSSION

### I. Lifting of the Automatic Stay

In an appeal from a bankruptcy proceeding, the legal conclusions of the bankruptcy court are ordinarily reviewed de novo and the factual findings are reviewed for clear error. Goldman v. Capital City Mortgage Corp. (In re Nieves), 648 F.3d 232, 237 (4th Cir. 2011). When the appeal is from a

discretionary bankruptcy order lifting the automatic stay, however, the decision may only be overturned for abuse of discretion. Robbins v. Robbins (In re Robbins), 964 F.2d 342, 345 (4th Cir. 1992). A court abuses its discretion if its legal conclusions are based on erroneous legal principles or a clearly erroneous factual finding. See Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999) (internal citations omitted). An order granting a creditor relief from automatic stay in a bankruptcy proceeding is considered a "final order" and therefore appealable as of right. See Phizer Inc. v. Law Offices of Peter G. Angelos (In re Quigley Company, Inc.), 676 F.3d 45 (6th Cir. 2012); JE Livestock, Inc. v. Wells Fargo Bank, N.A. (In re JE Livestock, Inc.), 375 B.R. 892 (B.A.P. 10th Cir. 2007); Aja v. Emigrant Funding Corp. (In re Aja), 442 B.R. 857 (B.A.P. 1st Cir. 2011).

After careful review of the record, including briefs filed by the parties, the court finds the Bankruptcy Court did not abuse its discretion in determining good cause existed to lift the automatic stay upon motion by the Creditor. Evidence from the record shows: (1) Debtor filed her bankruptcy petition in bad faith; (2) Debtor repeatedly failed to comply with filing deadlines and requirements; (3) Debtor was not the owner of the real property that was the subject of Creditor's motion; (4) the subject debt was commercial, rather than consumer; and

(5) Creditor would suffer greater hardship under the automatic stay than Debtor would suffer in lifting it. Finding sufficient supporting evidence in the record and no erroneous application of the law, the Bankruptcy Court's order lifting the automatic stay and co-debtor stay as to Creditor's secured claim was an appropriate exercise of its discretion.

## CONCLUSION

For the foregoing reasons and reasons more fully set forth in Creditor's Brief in Opposition, [D.E. #41], the court hereby AFFIRMS the Order of the Bankruptcy Court granting Creditor relief from automatic stay and co-debtor stay, and the appeal is hereby dismissed.

This __10th__ day of February 2016.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#34