IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

File No. 4:15-CV-119-H

| | |
|---|---|
| BRENDA HARRIS,                    )<br>     Debtor-Appellant,           )<br>                                   )<br>                                   )<br>     v.                            )<br>                                   )<br>                                   )<br>                                   )<br>RICHARD M. STEARNS,                )<br>     Trustee-Appellee.             ) | **ORDER** |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

This matter is before the court on appeal from an order of the United States Bankruptcy Court for the Eastern District of North Carolina dismissing Debtor's bankruptcy case with prejudice. The parties have thoroughly briefed the issue on appeal, and this matter is ripe for adjudication.

### BACKGROUND

Brenda Harris ("Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on February 12, 2015. In response to Debtor's alleged noncompliance with the bankruptcy process, Richard M. Stearns ("Trustee") filed a Motion to Dismiss on April 17, 2015. The bankruptcy court conducted a hearing on Trustee's Motion to Dismiss on June 25,

2015, and found Debtor had failed to make plan payments in the bankruptcy case. The bankruptcy court noted in its dismissal order that Debtor's failure to make plan payments violated Local Rule 4002-1(g)(2), which requires plan payments be made to the Trustee on the first day of the month following the petition date.

Debtor's noncompliance with the bankruptcy process was consistent with her past behavior in bankruptcy actions. For example, the bankruptcy court found Debtor's prior bankruptcy case filed in 2014, Case No. 14-05789-5-SWH, was dismissed for failing to propose any confirmable plan and for failure to make required plan payments. Debtor abused bankruptcy protection by not make required payments to the Trustee in two successive bankruptcy cases, including the previous 2014 case (No. 14-05789-5-SWH) and the instant case (No. 15-00818-5-SWH). The bankruptcy court found Debtor's conduct in successive cases of failing to propose a confirmable plan and failing to make required plan payments represented a lack of good faith in dealing with the bankruptcy court, the Trustee, and creditors.

Based on Debtor's failure to make required payments, the bankruptcy court granted Trustee's Motion to Dismiss Case at the June 25, 2015, hearing. The Court entered an order dismissing the case with prejudice on July 2, 2015 finding Debtor failed to meet the requirement of E.D.N.C. LBR 4002-1(g)(2) to make

monthly payments to the Trustee following the Petition Date. See In re Harris, No. 15-00818-5-SWH, [D.E. #86]. The bankruptcy court also noted in its dismissal order, "The Debtor has abused the court's protection, process, and sympathy. The court's precious time and limited resources should not be wasted by debtors, either represented by counsel or appearing pro se, who fail to meet the fundamental requirements of the U.S. Bankruptcy Code... the abuse must end[.]" Id. at 5. Debtor filed her notice of appeal on July 16, 2015.

## COURT'S DISCUSSION

A district court has jurisdiction to hear appeals from a final order issued by a bankruptcy court. See 28 U.S.C. § 158(a)(1). In such appeals, the legal conclusions of the bankruptcy court are ordinarily reviewed de novo and the factual findings are reviewed for clear error. Goldman v. Capital City Mortgage Corp. (In re Nieves), 648 F.3d 232, 237 (4th Cir. 2011).

After careful review of the record, including briefs filed by the parties, the court finds the bankruptcy court did not err in its dismissal of Debtor's bankruptcy case. The Bankruptcy Code requires a debtor to make payments not later than thirty (30) days after the earlier of the filing of a plan or the order for relief. 11 U.S.C. § 1326(a)(1). Local Bankruptcy Rule 4002-1(g)(2) requires debtors to make regular monthly plan payments

on the first day of each month following the filing of the bankruptcy petition. E.D.N.C. LBR 4002-1(g)(2). "[F]ailure to commence making timely payments under [11 U.S.C. §] 1326" is a cause for dismissal of a debtor's bankruptcy petition. 11 U.S.C. § 1307(c)(4).

Sufficient evidence from the record, including Debtor's own admission at a hearing on Trustee's Motion to Dismiss, shows Debtor did not make timely payments in compliance with either federal or local bankruptcy rules. Further, the record shows Debtor's proposed bankruptcy plan was incomplete and insufficient for confirmation because it did not propose monthly payments. Debtor's noncompliance in the instant case on appeal mirrors her conduct in a separate 2014 bankruptcy action, which was also dismissed. Therefore, the record reveals a sufficient factual basis to show cause for dismissal of Debtor's bankruptcy petition.

Finding no clear factual error or improper legal conclusion in the bankruptcy court's order dismissing Debtor's bankruptcy case with prejudice, the bankruptcy court's order dismissing case with prejudice should therefore be affirmed.

## CONCLUSION

For the foregoing reasons and reasons more fully set forth in Trustee's Brief in Opposition, [D.E. #28], the court hereby AFFIRMS the order of the bankruptcy court dismissing Debtor's

bankruptcy case with prejudice, and the appeal is hereby dismissed.

    This ___10___<sup>TH</sup> day of February 2016.

                                  _____
                                  MALCOLM J. HOWARD
                                  Senior United States District Judge

At Greenville, NC
#34